# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 08-209V
## (Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

BRET KREIZENBECK *and*  
SANDRA KREIZENBECK *as legal*  
*representatives of a minor child,* C.J.K.,

        Petitioners,

        v.

SECRETARY OF HEALTH AND  
HUMAN SERVICES,

        Respondent.

Filed:  March 1, 2016

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Richard Gage*, Britcher, Richard Gage, P.C., Cheyenne, WY, for Petitioners.

*Ann Martin*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## RULING DENYING MOTION FOR EXTENSION OF TIME[1]

This case has been pending since 2008, when Bret and Sandra Kreizenbeck filed a petition, as legal representatives of a minor child, C.J.K., seeking compensation under the National Vaccine Injury Compensation Program.[2] The Petitioners alleged that several vaccines C.J.K. received on April 1, 2005, caused him to suffer a number of illnesses, and eventually autism.

For the first several years of the matter's existence, its progress was slowed while the Omnibus Autism Proceeding was concluded, but by 2012 the Petitioners filed an amended petition.

---

[1] Because this ruling contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002) (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published ruling's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole ruling will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. § 300aa-10 through 34 (2012)).

The matter then became bogged down again for several more years, as Petitioners first sought missing medical records, and then attempted to identify an expert suitable to review the results of certain genetic and mitochondrial testing (which in turn were delayed in their filing).

The case was assigned to me in September of 2014 – at which time Petitioners still had not filed the missing expert report. They finally did so, however, on May 30, 2015. ECF No. 80.[3] Subsequently, on September 29, 2015, Respondent filed her responsive expert report (ECF No's 87-89), as well as an amended Rule 4(c) report (ECF No. 90). Accordingly, I set a deadline of January 15, 2016, for Petitioners to file an additional report responding to Respondent's expert report. Non-PDF Scheduling Order, dated Nov. 2, 2015.

Thereafter, on January 15, 2016, Petitioners filed a motion requesting an extension of time (until February 29, 2016) to file that report (ECF No. 100), which I granted (Non-PDF Order, dated Jan. 15, 2016). In so doing, however, I indicated that "[n]o further extensions w[ould] be granted given Petitioners' prior delays in filing expert reports in this case." Non-PDF Order, dated Jan. 15, 2016.

Despite my admonition, on February 29, 2016, Petitioners filed a motion requesting an additional 60 days (until April 29, 2016), to file their supplemental expert report. ECF No. 101. In it, Petitioners stated that they had retained Dr. Richard Boles, a geneticist, as an expert in this case, and that he was in the process reviewing materials necessary to draft an expert report. *Id.* Additionally, Petitioners noted that they were unable to contact Respondent's counsel to ascertain whether Respondent objects to the motion (although the motion was filed after hours, based in its time stamp). *Id.* But the motion said nothing about my prior order, nor did it explain why even more additional time is appropriate in this case.

The order that I issued on January 15, 2016, clearly indicated that no further extensions of time would be granted for Petitioners' to file a supplemental expert report in this matter. Non-PDF Order, dated Jan. 15, 2016. Accordingly, Petitioners motion for an extension of time to file an expert report in this matter is hereby DENIED.

Despite the above, I will provide Petitioners the opportunity to show cause why they should be permitted to file the missing supplemental report out of time. That submission (along with the unfiled expert report) shall be filed on or before March 18, 2016. Respondent's consent should be obtained in advance of the filing; if opposed, Respondent's opposition shall be due on or before March 31, 2016. Petitioners' submission should provide a full explanation of why the missing

---

[3] On September 22, 2015, Petitioners filed another expert report (labeled "supplemental expert report") to correct a typographical error in Dr. Kinsbourne's original expert report (but which did not make any other changes to the report). ECF No. 86.

report was not filed in a timely fashion, as well as set forth what steps Petitioners and their counsel intend to take in the future to avoid missing deadlines set in this case.[4]

**IT IS SO ORDERED.**

<u>/s/ Brian H. Corcoran</u>
Brian H. Corcoran
Special Master

---

[4] Because of Petitioner's unjustified delay in filing this expert report, Petitioners should not request in any future fees request the reimbursement of attorney or expert time accrued to addressing the Order to Show Cause, including Dr. Boles's time spent on this matter in preparing the missing report after today's date.