# United States Court of Federal Claims

No. 08-209 V

Filed: November 7, 2018[1]

_____

**BRET KREIZENBECK *and* SANDRA KREIZENBECK,** *as legal representative of a minor child,* **C.J.K.,**

         *Petitioner,*

**v.**

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
         *Respondent.*

_____

Vaccine Act; Abuse of Discretion; Vaccine Rules; Evidentiary Hearing; Motion for Review

*Richard Gage*, Richard Gage, P.C., Cheyenne, WY, for petitioners.

*Meredith Burns Healy*, U.S. Department of Justice, Vaccine/Torts Branch, Washington, D.C., for respondent.

## OPINION AND ORDER

Petitioners Bret and Sandra Kreizenbeck seek review of Special Master Corcoran's decision filed June 22, 2018. The special master dismissed their petition for compensation under the National Childhood Vaccine Injury Act of 1986. 42 U.S.C. §§ 300aa-1 *et seq*. The basis for petitioners' request for review is the Special Master's dismissal of their case without an evidentiary hearing. The motion for review is denied.

## BACKGROUND

Petitioners originally filed a Petition for Vaccine Compensation under the Vaccine Act on behalf of their minor son, C.J.K., in March of 2008. The petition alleged that

---

[1] Pursuant to Vaccine Rule 18(b), each party shall have 14 days within which to notify the court of any information that should be redacted from this decision for reasons of privilege or confidentiality. If the court does not receive any such notification, the entire opinion will be made public.

C.J.K. suffered from a variety of symptoms including gastrointestinal disease, immune dysfunction, encephalitis, heavy metal poisoning, nutritional dysfunction, metabolic dysfunction and mitochondrial dysfunction. It was amended after petitioners acquired the help of an attorney. The amended petition alleged that C.J.K.: (1) was born with an immune deficiency; (2) received a flu vaccine believed to contain live cultures in October of 2005; and (3) had a severe reaction to said vaccine. Petitioners allege that the flu vaccine adversely affected C.J.K.'s immune system and that its residual effects lasted longer than six months. These allegations arise from childhood vaccines given in April of 2005 (Diphtheria Tetanus Acellular Pertussis (DTaP), measles-mumps-rubella (MMR), Varicella, HiB, and pneumococcal conjugate (PCV)), and in October of 2005 (influenza).

Petitioners filed medical records and medical expert reports, including one from Dr. Alan Levin, a pathologist and board certified immunologist. His report states that the minor "was born with asymptomatic inborn errors of metabolism which were triggered to become symptomatic in the form of immunological anomalies by the cytokines released by the vaccinations he received in April 1, 2005." Pet. Ex. 28. He opined that the symptoms returned after the October 2005 vaccine. *Id*.

Petitioners also filed a report from a pediatric neurologist, Dr. Kinsbourne, renewing the allegation that C.J.K. suffered from vaccine-caused autism. Pet Ex. 52. Dr. Kinsbourne opined that the vaccine was the cause of the autism that had morphed into attention-deficit disorder. *Id*.

Respondent filed three medical and scientific expert reports stating that the causation analysis by Dr. Kinsbourne was inconsistent with the medical records provided. These reports were submitted by experts in pediatric neurology, pediatrics (specifically in clinical genetics, clinical biochemical genetics, inborn errors of metabolism, and mitochondrial diseases), and redox biology.

The parties filed additional reports from other experts considering causation and opining on the medical records. The Special Master then scheduled a hearing and the parties filed pre-hearing briefs. During a status conference, Special Master Corcoran announced that he would rule on the written submissions. He then provided the parties two months thereafter to submit additional briefs. He issued a decision dismissing petitioners' claims.

Petitioners then filed a motion for review of the Special Master's decision. The motion alleges that the special master erred by ruling on the record without holding an evidentiary hearing despite petitioner's objections.

## JURISDICTION AND STANDARD OF REVIEW

The Court of Federal Claims has "jurisdiction to undertake review of the record of the proceedings" in Vaccine Act cases. 42 U.S.C. §§ 300aa-12(e) (2)(A)-(C) (2012). Upon review, the court may: (1) uphold findings of fact and conclusions of law and sustain the special master's decision; (2) set aside any of the findings of fact or conclusions of law that are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law and issue its own findings of fact and conclusions of law; or (3) remand the petition to the special master for further action. *Id.*

## DISCUSSION

Petitioners argue that § 300aa-12(d)(2) of the Vaccine Act and Vaccine Rule 8(d) provide that a ruling on the record is only permissible with the consent of the parties. If one party objects, a ruling on the record is allowable after a motion for summary judgment.

The Vaccine Act states: "In conducting a proceeding on a petition a special master . . . *may* conduct such hearings as may be reasonable and necessary." 42 U.S.C. § 300aa-12(d)(3)(B)(v) (emphasis added). A special master's decision to hold an evidentiary hearings, therefore, is discretionary. *See also* D'Toile, 726 F.App'x at 812. Special masters are afforded "wide discretion to determine whether to hold an evidentiary hearing." *Burns v. HHS*, 3 F.3d 415, 417 (Fed. Cir. 1993). Thus, special masters are not obligated to hold an evidentiary hearing before issuing an opinion.

The relevant section in the Act states that the Vaccine Rules to be promulgated shall not require the "routine use of oral presentations, cross examinations, or hearings." 42 U.S.C. § 300aa-12(d)(2)(D). Vaccine Rule 8(d) provides: "The special master may decide a case on the basis of written submissions without conducting an evidentiary hearing. Submissions may include a motion for summary judgment, in which event the procedures set forth in RCFC 56 will apply." RCFC, Vaccine Rule 8(d). The relevant rule, therefore, does not require the parties to use summary judgment to sustain a ruling on the written record. Instead, it contemplates that summary judgment may be one way in which such a ruling might occur.

Special Master Corcoran did not violate the Vaccine Act or Vaccine Rule 8(d) by ruling on the written record without an evidentiary hearing. He gave petitioners ample opportunity to support their claims with written evidence and briefs. Petitioners took advantage of those opportunities and provided the special master with a plethora of information. The Special Master's opinion provides ample reasoning to support dismissal of petitioners' claims. The record makes it clear that Special Master Corcoran did not

abuse his discretion by dismissing this petition without an evidentiary hearing. We must deny the motion for review.

Petitioners also filed a motion for oral argument wherein they repeated many of the same arguments described above. For the reasons stated, that motion is also denied.

## CONCLUSION

Special Master Corcoran did not abuse his discretion by ruling on petitioners' claims without holding an evidentiary hearing. The Special Master's decision is AFFIRMED, and Petitioners' motions for review and for oral argument are DENIED. The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/*Robert H. Hodges, Jr.*
Robert H. Hodges, Jr.
Senior Judge