# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 08-209V
(Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
BRET KREIZENBECK *and*
SANDRA KREIZENBECK *as legal*
*representatives of a minor child,* C.J.K.,

Petitioners,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

Respondent.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Chief Special Master Corcoran

Filed: September 15, 2020

Attorney's Fees and Costs; Attorney Rates; Expert Costs

*Richard Gage*, Richard Gage, P.C., Cheyenne, WY, for Petitioners.

*Julia Collison*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNY'S FEES AND COSTS[1]

On March 26, 2008, Bret and Sandra Kreizenbeck, on behalf of their son, C.J.K., filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] The Kreizenbecks allege that the childhood vaccines (Diphtheria Tetanus acellular Pertussis, measles-mumps-rubella, Varicella, HiB and pneumococcal conjugate vaccines C.J.K. received on April 1, 2005, and the influenza vaccine he received on October 12, 2005, significantly aggravated his underlying, but asymptomatic and subclinical, mitochondrial disorder,

---

[1] This Decision will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire Decision will be available in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act.

causing him to suffer from immune system dysfunction, or hypogammaglobulinemia. Amended Petition at 1–2, dated Feb. 22, 2012 (ECF No. 27) ("Amended Pet."). I issued a decision denying entitlement in the case on June 22, 2018 (ECF No. 127). Petitioners subsequently sought review at the Court of Federal Claims and the Court of Appeals for the Federal Circuit, both of which upheld my Decision. *See* ECF Nos. 135, 140.

In October 2015, the parties stipulated to an interim award of fees and costs, providing that Petitioners' counsel should receive $81,000.00 in attorney's fees and $250.00 in costs for work performed on the matter up to that date. Stipulation for Fees, filed Oct. 19, 2015 (ECF No. 92). Now, Petitioners have filed a motion for a final award of attorney's fees and costs reflecting all remaining work performed in this case. Final Motion for Attorney's Fees and Costs, filed June 18, 2020 (ECF No. 146) ("Fees App.").

As the pending motion indicates, Petitioners request an award of $121,680.61 (representing $102,678.40 in attorney's fees, plus $19,002.21 in costs), for the work of several attorneys (Mr. Richard Gage, Esq.; Ms. Kristen Blume, Esq.; Ms. Kayla Spencer, Esq.; and Mr. Dustin Lujan, Esq.) on the matter from 2015 to the present, including appellate briefing, as well as the supportive work of two paralegals. *Id.* at 4–59. The costs requested include postage, legal research charges, travel expenses, expert fees, and copying fees. Fees App. at 57–59.[3]

Respondent reacted to the fees request on June 22, 2020. *See* Response, dated June 22, 2020 (ECF No. 147). He indicates in his Response that he is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case but defers to my discretion the calculation of a proper amount to be awarded. *Id.* at 2–3.

## ANALYSIS

**A. Petitioners' Claim had Reasonable Basis**

I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Allicock v. Sec'y of Health & Hum. Servs.*, No. 15-485V, 2016 WL 3571906, at *4–5 (Fed. Cl. Spec. Mstr. May 26, 2016), *aff'd on other grounds*, 128 Fed. Cl. 724 (2016); *Gonzalez v. Sec'y of Health & Hum. Servs.*, No. 14-1072V, 2015 WL 10435023, at *5–6 (Fed. Cl. Spec. Mstr. Nov. 10, 2015). In short, a petitioner can receive a fees award even if his claim fails, but to do so he must demonstrate the claim's reasonable basis through some objective evidentiary showing. *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017); *see also Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Hum. Servs.*, 101 Fed. Cl. 303,

---

[3] Petitioners did not file a General Order No. 9 Statement in connection with their fee application (and counsel does not request any costs personally incurred by Petitioners). Fees App. at 81.

2

303 (2011)). The standard for reasonable basis is lesser (and inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases with reasonable basis (because they have objective proof supporting the claim) can nevertheless still fail to establish causation-in-fact. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (Fed. Cl. 2019).

The Court of Appeals for the Federal Circuit recently clarified the standards used to evaluate whether a claim has reasonable basis, noting that special masters should consider the totality of the circumstances in evaluating a claim for reasonable basis. *Cottingham v. Sec'y of Health & Hum. Servs.*, --- F.3d ---, 2020 WL 4810095, at *4–5 (Fed. Cir. 2020). Additionally, the following factors are considered when determining if there was a reasonable basis for the claim: (1) factual basis, (2) medical support, and (3) the attorney's diligence in bringing the claims. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017).

Here, I find Petitioners' claim had sufficient objective basis to entitle them to a fee award under the applicable reasonable basis analysis. This claim originally alleged autism and developmental delay following vaccination—a kind of claim that can *no longer* be deemed to have any reasonable basis in the Program, given the multitude of decisions written over the past ten-plus years discrediting the objective grounds for that causation theory. But Petitioners ultimately abandoned those allegations, and instead recast the claim to allege mitochondrial disorder and immune dysfunction. *See generally* Amended Pet. Although the revised version of the claim was also unsuccessful, it did have some objective support in the record, and was supported by a credible expert opinion from Dr. Boles. Accordingly, a final fees award is justified.

I note, however, that reinventing a claim as time passes, jettisoning theories in real time when it becomes evident they will fail while attempting to generate new ones (often by seeking second or third treater opinions for a different diagnosis) that might have a better chance of success, is a practice that is not to be encouraged. There is a vast difference between amendment of a theory to conform to the facts and wholesale reinvention of a claim when its deficiencies are laid bare. And the Vaccine Program's generosity and flexibility is not an invitation to file claims with little substantive basis at the time of initiation, in the hope that the claim will later "find" a good causation theory. Counsel who "shift gears" in this manner in the future should not expect compensation for their time.

### B. Attorney's Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in

most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the *Davis* exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioners seek a variety of hourly rates for the different professionals who worked on the case from 2015 to the present. For Mr. Gage, Petitioners ask for a rate of $300 per hour for work performed in 2015, $311 per hour for work performed in 2016, $318 per hour for work performed in 2017, $326 per hour in 2018, $338 per hour for work performed between 2019 and April 2020, and $350 per hour for work performed in June 2020. Fees App. at 29–37. For Ms. Blume, Petitioners ask for $251 per hour for work performed in 2016, $260 per hour for work performed in 2017, $270 per hour for work performed in 2018, $338 per hour for work performed in 2019, and $350 per hour for work performed in 2020. *Id.* at 39–42. For Ms. Spencer, Petitioner requests $145 per hour for work performed between 2016-2017. *Id.* at 44. And for Mr. Lujan, Petitioners request $145 per hour for work performed between 2015-2016. *Id.* at 46. In addition, Petitioner seeks a rate of $120 per hour for work completed by two paralegals. *Id.* at 48–55.

Whether the attorneys practicing at Richard Gage & Associates, located in Cheyenne, Wyoming, are "in-forum," and therefore entitled to the forum rates established in *McCulloch* is undetermined. I find, however, that the rates requested for work performed by Mr. Gage, Ms. Spencer, Mr. Lujan, and paralegals in this matter are consistent with those previously awarded in other matters. Thus, I grant in full the hourly rates requested for these attorneys or legal assistants.

The rates requested for work performed by Ms. Blume, however, require adjustment. While the rates requested for 2016, 2019, and 2020 are consistent with what Ms. Blume has received on prior occasions, the requested rates for work performed in 2017 and 2018 exceed her previously-approved rates. *See Demitor v. Sec'y of Health & Hum. Servs.*, No. 17-564V, 2020 WL 1027955, at *5 (Fed. Cl. Spec. Mstr. Feb. 7, 2020) (awarding Ms. Blume $251 per hour for work completed in 2017); *Martin v. Sec'y of Health & Hum. Servs.*, No. 13-486V, 2019 WL 2173794, at *3 (Fed. Cl. Spec. Mstr. Apr. 23, 2019) (awarding Ms. Blume $251 per hour for work completed in 2018).

Petitioners note that I effectively adopted an increased rate of $270 per hour for 2018 work performed by Ms. Blume in a recent fees decision. Memorandum in Support of Fees App., filed on June 18, 2020 (ECF No. 146-1) (citing *Oberheim v. Sec'y of Health & Hum. Servs.*, No. 17-

725, 2020 WL 733919, at *1 (Fed. Cl. Spec. Mstr. Jan. 10, 2020). However, *Oberheim* was an SPU fees decision containing no discussion regarding the propriety of the rates awarded therein to Ms. Blume—a fact recognized in *Demitor* (which reasoned its way to awarding her the lesser sum of $251 per hour for 2017). *Demitor*, 2020 WL 1027955, at *5. I also note that retroactive rate increases are reasonably disfavored in the Program. *Ramirez v. Sec'y of Health & Hum. Servs.*, No. 16-1180V, 2019 WL 948385, at *2 (Fed. Cl. Spec. Mstr. Jan. 30, 2019) (counsel "should only submit billing logs that reflect the hourly rate previously awarded to him").

Thus, after a careful analysis of the requested hours and work performed in *this* matter, as well as Ms. Blume's overall qualifications, and reasoned prior decisions, I will apply the more widely adopted rate of $251 per hour for work performed in 2017 and 2018, resulting in a total deduction of **$1,312.60**.[4]

### C. Attorney's Costs

I will next turn to costs. Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992); *Presault v. United States*, 52 Fed. Cl. 667, 670 (Fed. Cl. 2002). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests $19,002.21 in overall costs. Fees App. at 57–59. This amount includes the cost of postage, legal research charges, travel expenses, expert fees, and copying fees. *Id.* These costs are typical of Vaccine Program litigation, but some adjustments are necessary.

Petitioners indicate that Dr. Boles performed 22.5 hours of work and billed at a rate of $500.00 per hour. Fees App. at 64. But I have previously found $500.00 per hour to be too high for Dr. Boles (who only recently began offering opinions in the Program) and have instead compensated him at a rate of $350.00 per hour. *Sharpe v. Sec'y of Health & Hum. Servs.*, No. 14-065V, 2018 WL 3990867, at *3 (Fed. Cl. Spec. Mstr. July 6, 2018); *L.M. v. Sec'y of Health & Hum. Servs.*, No. 14-714V, 2017 WL 5382907, at *4 (Fed. Cl. Spec. Mstr. Sept. 29, 2017). Other special masters have awarded Dr. Boles a similar rate. *See A.A. v. Sec'y of Health & Hum. Servs.*, No. 15-597V, 2018 WL 3216243, at *6 (Fed. Cl. Spec. Mstr. May 31, 2018) (awarding Dr. Boles $350.00 per hour); *Dempsey v. Sec'y of Health & Hum. Servs.*, No. 04-394V, 2017 WL 6343870, at *8 (Fed. Cl. Spec. Mstr. Nov. 16, 2017) (awarding him $300.00 per hour).

---

[4] In 2017, Ms. Blume completed 50 hours of work, and in 2018, she completed 45.4 hours of work. Fees App. at 39–42. The reduction to Ms. Blume's rates were calculated as follows: ((50 x $260) – (50 x $251)) + ((45.4 x $270) – (45.4 x $251)) = $1,312.60.

I am amenable in the future to increasing the hourly rate paid to Dr. Boles, especially as he continues to perform expert services in the Program, but do not find that the rate he has requested is appropriate *for this case* (in which the work he did was performed approximately three years ago, when $500 per hour reflected the highest sum paid only to the most experienced Program experts). Accordingly, I will award Dr. Boles $350.00 per hour for work performed in this matter. I do not otherwise find any of the time billed by Dr. Boles to be objectionable, and Respondent has not indicated any entries found to be objectionable either. Therefore, Dr. Boles will be compensated for the full time he has billed at the aforementioned rate. No other reductions are warranted, and the total deduction for this cost element is **$3,375.00**.

## CONCLUSION

For the reasons stated above, I **GRANT IN PART** Petitioners' motion for attorney's fees and costs. An award of **$116,993.01** (representing $101,365.80 in attorney's fees, plus $15,627.21 in costs) shall be made in the form of a check payable jointly to Petitioners and Petitioners' counsel, Mr. Richard Gage, Esq. The total amount awarded above is based on the rates below:

|  | **Requested** | **Awarded** | **Difference** |
|---|---|---|---|
| Mr. Gage | $45,262.70 | $45,262.70 | $0.00 |
| Ms. Blume | $52,035.20 | $50,722.60 | $1,312.60 |
| Ms. Spencer | $72.50 | $72.50 | $0.00 |
| Mr. Lujan | $1,392.00 | $1,392.00 | $0.00 |
| Paralegal | $3,916.00 | $3,916.00 | $0.00 |
| Costs | $19,002.21 | $15,627.21 | $3,375.00 |
| **Total** | **$121,680.61** | **$116,993.01** | **$4,687.60** |

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[5]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.